UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDREY COKLOW-EL,

       Petitioner,

vs.

JERIEL HEARD,

       Respondent.
_____/

Civil Action No.
11-CV-14597

HON. MARK A. GOLDSMITH

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

**I.  INTRODUCTION**

Petitioner Audrey Coklow-El, confined at the Dickerson Detention Center in Hamtramck, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In her *pro se* application, petitioner challenges her conviction out of the 36th District Court for criminal contempt. Because Petitioner has not exhausted her claims in state court, her petition for writ of habeas corpus will be dismissed without prejudice.

**II.  BACKGROUND**

Petitioner was convicted of criminal contempt in the 36th District Court in Detroit, Michigan, and was sentenced on September 15, 2011 to 93 days in jail.  By her own admission, Petitioner has not appealed her conviction.  Petitioner seeks a writ of habeas corpus on the following grounds:

    I.  Violation of Due Process.

    II.  Violation of Oath of Office.

    III.  Violation of Perjury.

1

## III. ANALYSIS

The Court concludes that the present petition is subject to dismissal because none of the claims has been exhausted with the state courts.   As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court.  28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275-278 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2241 *et seq.*, preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise – but has not raised – in the state courts. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Although exhaustion is not a jurisdictional matter, it is a threshold question that must be resolved before a federal court can reach the merits of any claim contained in a habeas petition.  *Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies.  *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

The present case is subject to dismissal because Petitioner has failed to allege or indicate in her petition that she has exhausted her state court remedies with respect to her claims.  In fact, Petitioner expressly acknowledges that she did not appeal from the judgment of conviction in state court.  *See* Petition for Writ of Habeas Corpus at 2, ¶ 8 (Dkt. 1).  In her habeas application, Petitioner indicates that she did not appeal her conviction because "[n]o one would respond to my questions.  City and state courts often violate Moorish American rights."  *See* Petition for Writ of Habeas Corpus at 3, ¶ 11(d).

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any

effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Petitioner's conclusory allegation that an appeal would be fruitless does not suffice under the futility exception. *See Crank v. Jenks,* 224 F. App'x 838, 839 (10th Cir. 2007) ("conclusory allegations of general bias" insufficient to satisfy the futility exception); *Porter v. White,* No. 2001 WL 902612, at * 2 (E.D. Mich. August 6, 2001) (futility exception not satisfied by a habeas petitioner's expectation that a state court will rule against him).

The exhaustion doctrine, in the context of habeas cases, thus turns on whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Here, Petitioner can challenge her contempt conviction by filing an appeal with the Wayne County Circuit Court pursuant to M.C.R. 7.101. If Petitioner does not prevail in the Wayne County Circuit Court, she could then seek leave to appeal with the Michigan Court of Appeals pursuant to M.C.R. 7.203 (B)(2) and with the Michigan Supreme Court pursuant to M.C.R. 7.301 and 7.302.

### III.  Certificate of Appealability & *In Forma Pauperis* Status

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it

debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Petitioner had failed to exhaust an available state court remedy with respect to her claims. Although the Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability. *Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal.

### IV.  Conclusion

For the reasons states above, the petition for writ of habeas corpus is summarily dismissed without prejudice.    Petitioner is denied a certificate of appealability, but may proceed *in forma pauperis* on appeal.

SO ORDERED.

Dated: November 10, 2011                              s/Mark A. Goldsmith
         Flint, Michigan                                        MARK A. GOLDSMITH
                                                                United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2011.

                                                   s/Deborah J. Goltz
                                                   DEBORAH J. GOLTZ
                                                   Case Manager